# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2727

_____

William P. Cronan,

        Appellant,

v.

Trevor Fowler; Scott Ewing,

        Appellees.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: June 14, 2010
Filed: July 19, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After being arrested for stealing, William Cronan filed a lawsuit against two officers in the Boone County Sheriff's Department under 42 U.S.C. § 1983, claiming that they arrested him unlawfully without probable cause. The district court[1] granted the officers' motion for summary judgment based on a finding of qualified immunity. Cronan appeals. For the following reasons, we affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

On June 7, 2008, William Cronan dispensed $53.50 in fuel at the Little General gas station in Columbia, Missouri, using a credit card to pay at the pump. The fuel pump's payment device did not print a receipt and directed him to see an attendant. Cronan entered the station. The attendant told him that his credit card had not been charged and that the attendant had to run Cronan's credit card again. Cronan insisted that he had paid and refused to give the attendant his credit card. Cronan left the station after giving the attendant his name, telephone number, and address and promising to pay if the charge did not appear on his credit card statement.

The attendant then notified the Boone County Sheriff's Department of a leave-without-pay violation, and told Deputy Trevor Fowler about the situation, including Cronan's promise to return to pay. Deputy Fowler then contacted Cronan and asked him to return to the station to pay, but Cronan refused. Deputy Fowler and Sergeant Scott Ewing (officers) then drove to Cronan's residence, where the officers confronted Cronan on his porch. The officers asked Cronan if he had a receipt for the purchase. When Cronan acknowledged that he did not have a receipt, they told him he needed to return to the gas station and pay. Cronan refused, and Deputy Fowler informed him that he would be arrested if he did not return to pay. Cronan again refused to return to the station and attempted to reenter his home, and Deputy Fowler arrested him. Cronan was booked for the offense, but the prosecutor declined to press charges. At all relevant times, Cronan believed he had paid for the gas with his credit card at the pump. Following this incident, Cronan checked his credit card statement and acknowledged that his credit card was not actually charged for the gasoline, and he returned to the store and paid for the gasoline.

Cronan subsequently filed suit against Deputy Fowler and Sergeant Ewing under 42 U.S.C. § 1983, claiming that they violated his constitutional rights by arresting him without probable cause. Both parties filed motions for summary judgment. The district court found that the officers lacked probable cause to arrest Cronan but that they were entitled to qualified immunity. In discussing qualified

immunity, the district court stated that qualified immunity "has been applied broadly, and it protects 'all but the plainly incompetent or those who knowingly violate the law.' See Malley v. Briggs, 475 U.S. 335, 341 (1986)." (Add. at 6.) The court concluded that the officers were not "plainly incompetent" and granted the officers' motion for summary judgment and denied Cronan's motion for summary judgment.

Cronan now appeals, arguing that the district court erred in granting the officers' motion for summary judgment because it applied the incorrect standard in determining qualified immunity and erred in denying his motion for summary judgment.

We review *de novo* a district court's grant of qualified immunity. Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 931 (8th Cir. 2007). "Qualified immunity protects governmental officials from liability for civil damages if they have not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Akins v. Epperly, 588 F.3d 1178, 1183 (8th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "This defense 'provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" Id. (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). See also Engleman v. Murray, 546 F.3d 944, 947 (8th Cir. 2008) ("'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" (quoting Davis v. Hall, 375 F.3d 703, 712 (8th Cir. 2004)).

"In the wrongful arrest context, officers are entitled to qualified immunity 'if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable.'" Baribeau v. City of Minneapolis, 596 F.3d 465, 478 (8th Cir. 2010) (quoting Amrine v. Brooks, 522 F.3d 823, 832 (8th Cir. 2008)). The statute under which Cronan was arrested states that one commits the crime of stealing if one "appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Mo. Rev. Stat. § 570.030.1. The officers do not now appear to dispute

Cronan's contention that he lacked the requisite intent to commit theft because he believed that he had already paid for the gasoline at the pump. However, it appears that at the time of the arrest they believed Cronan had the requisite intent to violate section 570.030.1.

According to section 570.030.2, evidence that an individual "failed or refused to pay for property or services of a hotel, restaurant, inn or boardinghouse" can be admitted "in any criminal prosecution pursuant to [section 570.030.1] on the issue of the requisite knowledge or belief of the alleged stealer." Mo. Rev. Stat. § 570.030.2. While this case involves a gas station and not a hotel, restaurant, inn, or boardinghouse, it is not unreasonable that, akin to section 570.030.2, the officers would have believed that Cronan's failure to pay for the property of the gas station was evidence of his intent to steal gasoline. Based on their knowledge of the law and their understanding of what had occurred at the time of the arrest, the officers had a reasonable, but mistaken, belief that they had probable cause to arrest Cronan for the theft of the gasoline.

Cronan suggests that the officers should have investigated more to determine the existence of any more exculpatory evidence. We have previously "recognized a substantive due process cause of action for reckless investigation" but have held that "[m]ere negligent failure to investigate does not violate" an individual's due process rights. Amrine, 522 F.3d at 833. Instead, to establish a violation, an individual must show that the police "intentionally or recklessly failed to investigate, thereby shocking the conscience." Id. at 834. Here, a mere failure to question Cronan in-depth at the time of his arrest and a failure to review the master record from the gas station showing the credit card authorization for Cronan's transaction was not an intentional or reckless failure to investigate that shocks the conscience. See id.

Accordingly we cannot say that the district court erred in granting the officers qualified immunity, see Baribeau, 596 F.3d at 478, and granting the officers' motion for summary judgment.[2]

Accordingly, the judgment of the district court is affirmed.

_____

_____

[2]Because we affirm the district court's judgment granting summary judgment in favor of the officers based on qualified immunity, we affirm the district court's denial of Cronan's motion for summary judgment for the same reasons.